UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMARR CREDLE,

                      Plaintiff,

-against-

THE STATE OF NEW YORK; THE
DEPARTMENT OF CORRECTION,

                      Defendants.

1:21-CV-4216 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Jamarr Credle, who is currently held in the Anna M. Kross Center on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights by failing to protect him from contracting COVID-19 while he was held in the Vernon C. Bain Center ("VCBC") in the Bronx. Plaintiff names as Defendants the State of New York and the "Department of Correction," which the Court understands to refer to the New York City Department of Correction ("DOC"). Plaintiff originally filed this complaint with 41 other VCBC detainees while he was held in VCBC. By order dated May 7, 2021, the Court severed the plaintiffs' claims and directed that each plaintiff's group of claims be opened as a separate action. *See Rose v. State of New York*, ECF 1:21-CV-3164, 4 (S.D.N.Y. May 7, 2021). Plaintiff Jamarr Credle proceeds as the sole plaintiff in this action.

      By order dated June 2, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint. Plaintiff was housed in VCBC Dorm 1BB. The DOC supervisors at VCBC did "not adhere to proper social housing distance procedure," and the detainees had to "frequently remind[]" DOC staff of the government's social distancing guidelines. (ECF 2, at 4.)[2] Dorm 1BB has a maximum capacity of 50 beds and it housed 44 detainees, making it impossible to maintain social distancing. (*Id.* at 4-5.) The day room and sleeping area do not have windows, and the only air circulation comes from "one fan that would blow around dust partic[les] into the dorm." (*Id.* at 5.) Plaintiff alleges that DOC took "[n]o specific measures" to protect the detainees' health. (*Id.* at 6.)

The complaint alleges that the detainees experience daily coughing, sore throat, headaches, dizziness, and "covid symptoms." (*Id.*) Plaintiff seeks money damages.

## DISCUSSION

Because Plaintiff asserts that Defendants have violated his federal constitutional rights, his claims arise under 42 U.S.C. § 1983. To state a claim under section 1983, Plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

---

[2] Page numbers refer to those created by the Court's electronic filing system.

A.  **Claims against the State of New York**

The Court must dismiss Plaintiff's section 1983 claims against the State of New York. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's section 1983 claims against the State of New York are therefore barred by the Eleventh Amendment and are dismissed.[3]

B.  **Claims against the Department of Correction**

Plaintiff's claims against DOC must also be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the "Department of

---

[3] Even if the Eleventh Amendment did not bar Plaintiff's claims against the State of New York, the complaint would still fail to state a claim against this defendant because VCBC is operated by the New York City Department of Correction and is therefore not a State facility.

Correction" with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**C.     Municipal liability**

When a plaintiff sues a municipality under section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a section 1983 claim against the City of New York, in his amended complaint, Plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

**D.     Claims against individual defendants**

If Plaintiff was a pretrial detainee at the time of the events giving rise to his claims, the claims arise under the Due Process Clause of the Fourteenth Amendment. If he was a convicted prisoner, his claims arise under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Whether Plaintiff was a pretrial detainee or convicted prisoner, he must satisfy two elements to state such a claim: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a

5

showing that the officer acted with at least deliberate indifference to the challenged conditions. *Darnell*, 849 F.3d at 29.

The objective element of a deliberate indifference claim is the same for pretrial detainees and convicted prisoners – "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). "[P]rison officials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker*, 717 F.3d at 125 (internal quotation marks omitted).

The second element – the "subjective" or "mental" element – varies depending on whether a plaintiff is a pretrial detainee or convicted prisoner. A convicted prisoner must allege that a correction official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also [have] draw[n] the inference." *Darnell*, 849 F.3d at 32 (quoting *Farmer*, 511 U.S. at 837). A pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. The mere negligence of a correction official is not a basis for a claim of a federal constitutional violation under section

1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Because the complaint does not contain sufficient facts to state a claim and does not name individual defendants, the Court directs Plaintiff to file an amended complaint. Plaintiff's amended pleading should state whether Plaintiff was a pretrial detainee at the time of the alleged events, which housing unit(s) he was assigned to during the relevant time period, and identify the specific conditions within those units that he contends violated his constitutional rights. For example, if Plaintiff asserts that Defendants failed to comply with capacity restrictions or other precautionary measures intended to prevent the spread of COVID-19, he should allege any facts suggesting that such failures resulted in a substantial risk of serious harm to him, and that Defendants were deliberately indifferent to the risk of serious harm to his safety or health. If Plaintiff names individuals as defendants, he must allege facts regarding their personal involvement in the alleged violations of his rights. Further, if Plaintiff is seeking release as a remedy, he must include individualized allegations regarding the basis for such relief.

**LEAVE TO AMEND**

The Court grants Plaintiff leave to file an amended complaint alleging more facts about his claims. Plaintiff must name as the defendants in the caption[4] those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and

---

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption section of the form. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" in the caption section on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's "Statement of Claim."

7

the body of the amended complaint. The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. If Plaintiff has an address for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant persons;
b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;
c) a description of the injuries Plaintiff suffered; and
d) the relief he seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights and how, when, and where such violations occurred, as well as why Plaintiff is entitled to relief.

**Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.**

# CONCLUSION

The Court dismisses Plaintiff's claims against the State of New York and the Department of Correction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-4216 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: June 3, 2021
        New York, New York

                                             /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                           Chief United States District Judge